# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS MARTINEZ, | Case No. 1:14-cv-00405-AWI-JLT (PC) |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS TO DISMISS DEFENDANTS BEARD, KATAVICH, SAGUSTA, SANGER, YOUSSEF, MARSHALL, THARRAT, and KELSO AND ALL CLAIMS AGAINST THEM WITHOUT PREJUDICE AND WITHDRAWING PRIOR FINDINGS AND RECOMMENDATION** |
| v. | |
| BEARD, et al., | |
| Defendants. | |
| | **(Docs. 31, 32, 37)** |
| | **30-DAY DEADLINE** |

In his Second Amended Complaint ("2ndAC") Plaintiff did not name all of the defendants he originally named in this action. Specifically, Plaintiff omitted: CDCR Secretary Jeffrey A. Beard; Warden John N. Katavich; R. Sagusta; M. Sanger; Ashraf Youssef, MD; Brian Marshall; Robert Tharratt, MD; and J. Clark Kelso. Thus it appeared that Plaintiff no longer wished to pursue these eight Defendants, necessitating their dismissal from this action. Accordingly, on March 11, 2015, a Findings and Recommendations issued to dismiss those six Defendants with prejudice per Federal Rule of Civil Procedure[1] 41(a)(1)(B). (Doc. 37.)

Plaintiff filed objections and a notice of voluntary dismissal of Jeffrey A. Beard, John N. Katavich, Ashraf Youssef, M.D., and Brian Marshall seeking to dismiss them without prejudice

---

[1] The Federal Rules of Civil Procedure will hereinafter be referred to as "Rule *." Any reference to other statutory authorities shall so indicate.

1

1  per Rule 41(a)(1)(A).  (Docs. 38, 39.)  Plaintiff clarified that Defendant Sagusta's correct name is
2  "Bunholm Sagasta" who is now named as a Defendant in this action and that Defendant Sanger's
3  correct name is "Michael Songer" and he likewise is now named as a Defendant in this action.
4  (Doc. 38.)  Thus, Defendants by the name of "Sagusta" and "Sanger," which were apparently
5  misspellings, are properly terminated from this action.  Likewise, Defendants Kelso and Tharratt
6  should be dismissed with prejudice, as acknowledged by Plaintiff, given they are immune from
7  suit pursuant to the *Order Adopting Receiver* in *Plata v. Schwarzenegger, et al.*, (3:01-cv-01351-
8  TEH, ECF No. 473, 6:1-2).  (*Id.*, at 7:18-22.)

9      Plaintiff clarified also that Beard, Katavich, Youssef, and Marshall were intentionally
10  omitted from the 2ndAC because he could not identify with particularity, sufficient facts to link
11  them to the alleged violations of Plaintiff's federal rights, indicating that discovery had not begun
12  for him to ascertain requisite facts.  (*Id.*, at 5:20-28.)  However, Plaintiff indicated that he desired
13  to be able to pursue any of these four possible Defendants (Beard, Katavich, Youssef, and/or
14  Marshall) if facts are later discovered to sufficiently link them to his claims.  (*Id.*, at 6:6-15.)  In
15  both his objections and his reply to Defendants' response, Plaintiff asserts that his intentional
16  omission of Beard, Katavich, Youssef, and Marshall as Defendants in the 2ndAC and/or his
17  Voluntary Dismissal of Beard, Katavich, Youssef, and Marshall operate without prejudice per
18  Rule 41(a)(1), citing *Pedrina v. Han Kuk Chun*, 987 F.2d 608 (9th Cir. 1993).  (*Id.*, at 7:23-8:12;
19  Doc. 48, P's 2nd Amd. Reply, 3:7-4:19.)

20      Defendants argue that Plaintiff's removal of Beard, Katavich, Youssef, and Marshall as
21  Defendants in the 2ndAC operated as voluntary dismissals under Rule 41(a)(1)(B) that were on
22  the merits and should be with prejudice, relying on *ASX, Inc. Corp. v. Newton*, 183 F.3d 1265,
23  1268 (11th Cir. 1999), and asserting that prior to his filing his complaint, Plaintiff should have
24  determined whether sufficient basis exists for him to proceed against Beard, Katavich, Youssef,
25  and/or Marshall and that none of them may be pursued under a theory of supervisory liability.
26  (Doc. 43, Ds Resp., 2:10-3:14.)

27      Rule 41(a)(1)(A) allows a Plaintiff to "dismiss an action without a court order by filing:
28  (i) a notice of dismissal before the opposing party serves either an answer or a motion for

1  summary judgment; or (ii) a stipulation of dismissal signed by all parties who have appeared."
2  Subsection (B) of Rule 41 provides that, "[u]nless the notice or stipulation states otherwise, the
3  dismissal is without prejudice.  But if the plaintiff previously dismissed any federal- or state-court
4  action based on or including the same claim, a notice of dismissal operates as an adjudication on
5  the merits."  Subsection (2) of Rule 41provides in pertinent part that, "[e]xcept as provided in
6  Rule 41(a)(1), an action may be dismissed at the plaintiff's request only by court order, on terms
7  that the court considers proper. . . ."

8  In *Pedrina*, Plaintiffs dropped a person ("Hong") who had been named as a Defendant in
9  prior pleadings from being named in their fourth amended complaint.  *Pedrina*, 987 F.2d at 610.
10 The district court in that action ordered Plaintiffs to file a motion for voluntary dismissal of all
11 parties who were named as defendants in the third amended complaint, but not in the fourth
12 amended complaint.  *Id.*  When Plaintiffs did not immediately respond to the order, Hong filed a
13 motion to dismiss with prejudice, after which Plaintiffs filed a notice of voluntary dismissal.  *Id.*
14 The district court thereafter sanctioned Plaintiffs for violating its order by not filing a motion for
15 dismissal.  *Id.*  The Ninth Circuit held that the district court lacked authority to require Plaintiff's
16 to file a motion to dismiss.  *Id.*  Though the Ninth Circuit did not distinguish whether  Hong was
17 deemed dismissed upon the filing of the fourth amended complaint that did not name him as a
18 Defendant, or upon the filing of Plaintiff's notice of voluntary dismissal, it held that Plaintiff's
19 actions constituted a dismissal of Hong without prejudice under Rule 41(a)(1).  *Id.*

20 Accordingly, as of the dates that Plaintiff filed the 2ndAC and the notice of voluntary
21 dismissal, Defendants Beard, Katavich, Youssef, and Marshall had filed neither answers nor
22 motions for summary judgment.  Thus, as in *Pedrina,* dismissal of Defendants Beard, Katavich,
23 Youssef, and Marshall should be without prejudice, under Rule 41(a)(1).

24 **II.    CONCLUSION**

25 For the reasons discussed herein above, "R. Sagusta" and "M. Sanger" should be
26 terminated from the docket of this case; Robert Tharratt, MD and J. Clark Kelso should be
27 dismissed with prejudice; and CDCR Secretary Jeffrey A. Beard; Warden John N. Katavich;
28 Ashraf Youssef, MD; and Brian Marshall should be deemed dismissed from this action without

prejudice.

Accordingly, the Court RECOMMENDS:

1. The Defendants "R. Sagusta" and "M. Sanger" be terminated on the docket of this action;

2. Defendants J. Clark Kelso and Robert Tharratt, M.D. be dismissed with prejudice; and

3. Defendants Secretary Jeffrey A. Beard; Warden John N. Katavich; Ashraf Youssef, MD; and Brian Marshall and all claims against them be without prejudice.[2]

These Findings and Recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). **Within 30 days** after being served with these Findings and Recommendations, the parties may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **May 20, 2015**                          **/s/ Jennifer L. Thurston**
                                                  UNITED STATES MAGISTRATE JUDGE

---

[2] Any efforts to amend pleadings must comply with all applicable Federal Rules of Civil Procedure (i.e. Rule 15) and Local Rules (i.e. Local Rule 220).