1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9
## EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  JUAN CARLOS MARTINEZ, | **Case No.  1:14-cv-00405-AWI-JLT (PC)** |
| 12              Plaintiff, | **ORDER APPROVING STIPULATED** |
| 13       v. | **PROTECTIVE ORDER AS MODIFIED BY THE COURT** |
| 14  BEARD, et al., | **(Docs. 58)** |
| 15              Defendants. | |
| 16 | |

17         The Court has reviewed and considered the parties' Stipulated Protective Order.  (Doc.

18  58.)  The Court finds that good cause exists to issue a protective order on the terms stipulated to

19  by the parties, **as modified by the Court as noted below**. Accordingly the Court **ORDERS**:

20         (1) The provisions of this Protective Order apply to the confidential records and

21              information ("confidential material") designated by Defendant and/or CDCR as

22              "Confidential," and those confidential records and information which the Court orders

23              Defendant and/or CDCR to produce following an *in camera* hearing. The Court-issued

24              Protective Order applies because those documents contain confidential information,

25              which if shared, could jeopardize the safety and security of CDCR institutions, its

26              employees, inmates, informants and their families, the Defendants, or other

27              individuals.

28

1    (2) The confidential material may be disclosed only to the following persons:

2         a.  Plaintiff Martinez's retained attorney(s) of record;

3         b.   The attorney(s) of record for Defendants, CCHCS and CDCR;

4         c.  Any paralegal, secretarial, or clerical personnel regularly employed by counsel for

5    Martinez, Defendants, CCHCS and CDCR, who are necessary to aid counsel for

6    Martinez, Defendants, CCHCS and CDCR in the litigation of this matter;

7         d.  Court personnel and stenographic reporters necessarily involved in these

8    proceedings; and

9         e.  Any outside expert or consultant retained by counsel for Martinez, Defendants,

10    CCHCS and/or CDCR for purposes of this action.

11   (3) None of the confidential material or information contained within the confidential

12        material shall be shown to Martinez, or shown to, discussed with, or disclosed in any

13        other manner to any other inmate or former inmate, any parolee or former parolee, or

14        any other person not indicated in paragraph 2, unless a written waiver expressly

15        authorizing such disclosure has been obtained from counsel for Defendants, CCHCS

16        and CDCR, who maintain possession and control over the original confidential

17        material.

18   (4) No person who has access to the confidential material, as set forth in paragraph 2,

19        shall copy any portion of the confidential material, except as necessary to provide a

20        copy of the confidential material to any other authorized individual listed in paragraph

21        2, or to submit copies to the Court under seal in connection with this matter. Any

22        copies made for such purpose will be subject to this order. A copy of this order must

23        be provided to any individual authorized to access the confidential material before

24        providing that individual with access to the confidential material, and that individual

25        must agree in writing to comply with this order. Counsel for the parties shall maintain

26        a record of all persons to whom access to the confidential material has been provided.

27        The Court and counsel for Defendant, CCHCS and CDCR may request a copy of such

28

1    record at any time to determine compliance with the Court's order.

2    (5) Any exhibits or documents filed with the Court that reveal confidential material, or the

3    contents of any confidential material, shall be submitted on purple or pink paper, filed

4    under seal, labeled with a cover sheet bearing the case name and number and the

5    statement: "This document is subject to a Protective Order issued by the Court and

6    may not be copied or examined except in compliance with that Order." Documents so

7    labeled shall be kept by the Clerk of this Court under seal and shall be made available

8    only to the Court or counsel of record for the parties. If any party fails to file

9    confidential material in accordance with this paragraph, any party may request that the

10    Court place the filing under seal. In the event either party wishes to file a protected

11    document, that party SHALL comply with Local Rule 141.

12    (6) The portion(s) of any transcript of a deposition of any witness testifying about

13    confidential information shall be designated as confidential by the court reporter at the

14    request of Defendants, CCHCS and/or CDCR and kept under seal subject to a further

15    order of the Court. Information or material designated as confidential by Defendants,

16    CCHCS and/or CDCR may be disclosed or discussed in open court, subject to a

17    Motion in Limine and/or Motion for Protective Order filed by Defendants, CCHCS

18    and/or CDCR.

19    (7) At the conclusion of the proceedings in this case, including any period for appeal or

20    collateral review, or upon other termination of this litigation, counsel for Martinez

21    shall destroy all confidential materials and all copies of such material in counsel's

22    possession or return such materials to counsel for Defendants.

23    (8) All confidential material in this matter shall be used solely in connection with the

24    litigation of this matter, or any related appellate proceeding and collateral review, and

25    not for any other purpose, including any other litigation or proceeding.

26    (9) Any violation of this order may result in sanctions by this Court, including contempt,

27    and may be punishable by state or federal law.

28

3

(10)  The provisions of this order are without prejudice to the right of any party:

 a.  To apply to the Court for a further protective order relating to any other

 confidential documents or material, or relating to discovery in this litigation;

 b.  To apply to the Court for an order removing the confidential material

 designation from any documents; or

 c.  To object to a discovery request.

(11)  The provisions of this order shall remain in effect until further order of this Court.

 The Court will provide counsel for Defendants, CCHCS and/or CDCR an opportunity

 to be heard should the Court find modification of this order necessary.

IT IS SO ORDERED.

Dated:  **February 29, 2016**    **/s/ Jennifer L. Thurston**
            UNITED STATES MAGISTRATE JUDGE

4