# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| JUAN CARLOS MARTINEZ, | Case No. 1:14-cv-00405 DAD JLT (PC) |
|---|---|
| Plaintiff, | **ORDER AFTER IN CAMERA REVIEW (Doc. 62)** |
| v. | |
| BEARD, et al., | **ORDER GRANTING REQUEST TO FILE THE DOCUMENTS SUBJECT TO THE IN CAMERA REVIEW UNDER SEAL (Doc. 63)** |
| Defendants. | |

The parties disagree as to whether records related to investigations of claims of excessive force made against Defendant Butler and records related to investigations conducted into grievances submitted by Plaintiff should be disclosed in discovery. (Doc. 61) Thus, they stipulated that Defendants would produce the documents for the Court to conduct an in camera review and to determine which of the records, if any, should be disclosed. Id.

**I.      Background**

In this action, Plaintiff claims Defendants Conger and Butler acted with deliberate indifference to his serious medical condition. (Doc. 31 at 20-21) Likewise, he claims these defendants acted negligently. Id. at 26-27. As to Butler, it appears Plaintiff claims Butler interfered with him receiving a change of surgical dressing. Id. at 17. As to Dr. Songer, it appears Plaintiff claims that Songer ignored a visible deformity in Plaintiff's scapular area and refused to provide treatment for him. Id. at 12

1

The records provided to the Court include records of complaints/investigations related to Defendant Butler and the investigations of Plaintiff's grievances.

## II.     Analysis

Federal Rules of Civil Procedure dictates the discovery that may be conducted. Notably, the most recent version of Rule 26(b) provides,

> Parties may obtain discovery regarding any nonprivileged matter **that is relevant to any party's claim or defense and proportional to the needs of the case**, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Emphasis added. Given the nature of the documents provided, the Court is mindful that Federal Rules of Evidence 404(a) precludes a party from introducing evidence of a person's character for the purpose of proving he acted in conformity with that characteristic on a particular occasion. Moreover, evidence of other events may not be introduced to prove the person acted in conformity with his bad character trait on a particular occasion. Fed. R. Evid. 404(b)(1). Instead, this type of evidence may be admitted only for a different purpose including, "motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." Id.

### A.     Records reviewed

The Court has conducted the review requested by the parties. Exhibit A contains the investigative report related to Plaintiff's claims that Dr. Songer harassed him, called him a name and made Plaintiff uncomfortable such that he could not discuss his medical condition with Dr. Songer. The Court notes that no staff member was interviewed nor any inmate, other than Plaintiff. Thus, the Court does not find that there is any risk to the security of the institution or safety of any person if the records are disclosed.

Many of the documents provided in Exhibit A, clearly, have already been provided to Plaintiff. Likewise, most of the documents are the medical records related to Plaintiff—which, should have been provided to Plaintiff already, presuming they were sought in discovery. Finally, the information contained in the exhibit address specific claims made in this case and, as a result

1   they are relevant.

2       Exhibit B contains the records of the investigation into Plaintiff's complaint that Butler
3   grabbed Plaintiff's arms while he was undergoing a surgical dressing change.  Notably, these
4   documents go to the heart of the claims Plaintiff raises against Butler in this current litigation.
5   Though the investigator interviewed staff members and the investigator reported what they told
6   him, the Court sees no reason why these reports should not be disclosed in discovery.  Clearly,
7   the information is relevant.  Though Plaintiff could obtain this information for another source,
8   e.g. taking the witnesses' depositions, Plaintiff is entitled to know what these witnesses were
9   reported to have said earlier, albeit, not under oath.

10       The Court is at a loss to understand the argument given the results of this investigation,
11   that the staff members spoke only because they believed their responses would be shared solely
12   throughout the hierarchy of the CDCR, but would be chilled in the future to state their
13   observations if their reports were shared beyond that command structure.  If they feel comfortable
14   speaking when their jobs are on the line, if it hard to grasp that they would be uncomfortable
15   speaking when they could face no possible retaliation for doing so.  In any event, the staff
16   members are uniform that Plaintiff's account was not accurate.  Thus, the Court does not accept
17   that there would be any chilling effect by revealing their statements.

18       On the other hand, at page nine of Exhibit B, are the results of the interview of an inmate.
19   Though the statement the inmate made has little probative value, the Court finds that this inmate's
20   safety could be placed at risk if his identity was revealed.  Thus, Defendants SHALL redact the
21   inmate's name in Exhibit B before it is disclosed.

22       Exhibit C relates to claims made by a third-party inmate against Butler and others.  The
23   actions alleged that Butler took do not relate to any claims made in this action.  They do not
24   concern any interference or denial of medical care nor any claim of the unlawful use of force.
25   The allegations made in this grievance bear no similarity to the claims raised in this action.
26   Indeed, it does not appear, even, that there could be any basis for admission of these documents
27   under any exception set forth in Fed. R. Evid. 404(b).  Thus, according to Rule 26(b), the Court

28

1 sees no relevance to this action and the records should not be disclosed.

2       As in Exhibit C, Exhibit D relates to claims made by a third-party inmate against Butler
3 and others. Notably, the bulk of the documents are illegible. However, the documents that are
4 legible make clear that the allegations related to Butler do not relate to any claims made in this
5 action. They do not concern any interference or denial of medical care nor any claim that Butler
6 used unlawful force. The allegations made in this grievance bear no similarity to the claims
7 raised in this action. Again, as in Exhibit C, it does not appear that there could be any basis for
8 admission of the documents contained in Exhibit D under any exception set forth in Fed. R. Evid.
9 404(b). Thus, according to Rule 26(b), the Court sees no relevance to this action and the records
10 should not be disclosed.

11       **ORDER**

12       Based upon the above discussion, the Court **ORDERS**:

13       1.    The documents contained in Exhibits A and B SHALL be disclosed in response to
14 discovery. However, the third party inmate's name, listed in Exhibit B SHALL be redacted prior
15 to disclosure. Plaintiff's counsel SHALL maintain the confidentiality of these records and
16 SHALL return them to counsel for Defendants at the conclusion of this action;

17       2.    Documents contained in Exhibits C and D SHALL NOT be disclosed;

18       3.    The Court GRANTS the request to file all of the exhibits under seal. (Doc. 63);

19       4.    The Court DIRECTS the Clerk of the Court to file UNDER SEAL the documents
20 lodged for the in camera review for purposes of appeal, should that occur.

21

22 IT IS SO ORDERED.

23     Dated:   **March 23, 2016**           **/s/ Jennifer L. Thurston**
                                                       UNITED STATES MAGISTRATE JUDGE
24

25

26

27

28