# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS MARTINEZ,<br><br>       Plaintiff,<br><br>   v.<br><br>BEARD, et al.,<br><br>       Defendants. | Case No. 1:14-cv-00405-DAD-JLT (PC)<br><br>**ORDER TO SHOW CAUSE WHY THE COURT SHOULD CONTINUE TO EXERCISE SUPPLEMENTAL JURISDICTION OVER THE REMAINING STATE LAW CLAIMS AGAINST DEFENDANTS SONGER, FERNANDO, AND SAGASTA**<br><br>**(Doc. 88)**<br><br>**21-DAY DEADLINE** |

On March 6, 2017, an order issued adopting findings and recommendations on Defendants' motion for summary judgment[1] to dismiss Plaintiff's claims under federal law against Defendants Songer, Fernando, and Sagasta. (Doc. 88.)

Pursuant to 28 U.S.C. § 1367(a), in any civil action in which the district court has original jurisdiction, the district court "shall have supplemental jurisdiction over all other claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III," except as provided in subsections (b) and (c). "[O]nce judicial power exists under § 1367(a), retention of supplemental jurisdiction over state law claims under 1367(c) is discretionary." *Acri v. Varian Assoc., Inc.*, 114 F.3d 999, 1000 (9th Cir. 1997). "The district

---

[1] Defendants' motion did not raise the supplemental jurisdiction issue, so neither side addressed whether Plaintiff's claims under California law against Defendants Songer, Fernando, and Sagasta should be dismissed.

1

court may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3); *Parra v. PacifiCare of Ariz., Inc.*, 715 F.3d 1146, 1156 (9th Cir. 2013); *Herman Family Revocable Trust v. Teddy Bear*, 254 F.3d 802, 805 (9th Cir. 2001); *see also Watison v. Carter*, 668 F.3d 1108, 1117-18 (9th Cir. 2012) (even in the presence of cognizable federal claim, district court has discretion to decline supplemental jurisdiction over novel or complex issue of state law of whether criminal statutes give rise to civil liability). The Supreme Court has cautioned that "if the federal claims are dismissed before trial, . . . the state claims should be dismissed as well." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966).

Accordingly, it is the Court **ORDERS**:

1. **within 21** days of the date of service of this order, Plaintiff SHALL either:

    a. show cause why the Court should continue to exercise supplemental jurisdiction over the remaining state law claims against Defendants Songer, Fernando, and Sagasta, or

    b. secure and file an executed stipulation of dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(ii); and

2. if Plaintiff files a response showing cause why supplemental jurisdiction should be continued on these claims, Defendants may file an opposition to which Plaintiff may reply under the timelines set forth in Local Rule 230(*l*).[2]

IT IS SO ORDERED.

  Dated: **April 20, 2017**                    **/s/ Jennifer L. Thurston**
                                                            UNITED STATES MAGISTRATE JUDGE

---

[2] Briefs regarding supplemental jurisdiction, if filed, **SHALL** address whether "declining jurisdiction serves the objectives of economy, convenience and fairness to the parties, and comity," *Trustees of Constr. Indus. & Laborers Health and Welfare Trust v. Desert Valley Landscape & Maint., Inc*., 333 F.3d 923, 925-26 (9th Cir. 2003).